UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| GYLCOBIOSCIENCES INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 1:12-cv-01901-RMC |
| | ) |
| Innocutis Holdings LLC et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# and

# DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, files this Amended Complaint as a matter of course pursuant to this Court's Minute Order Discharging Order to Show Cause [Dkt. 20] and alleges as follows:

## FACTS COMMON TO AND APPLICABLE TO ALL COUNTS

1.Plaintiff Glycobiosciences, Inc., is a corporation duly organized and existing under the laws of the Province of Ontario, Canada, and having a principal place of business at 7 Timber Court, Georgetown, Ontario L7G 4S4  Canada.

2.Plaintiff is the developer of numerous pain relief products used in the treatment of damaged skin, wounds, ulcers, sores and pain management, as well as several other diseases and conditions utilizing the Plaintiff's proprietary and patented Ionic Polymer Matrix (IPM) delivery system.

3.Plaintiff is the owner of various United States patents including U.S. Patent No. 6,387,407 which was duly and legally issued on May 14, 2002.  A True and Correct Copy of U.S. Patent No. 6,387,407 is attached as Exhibit A.  A True and Correct Copy of the documents evidencing title in the name of Plaintiff is attached as Exhibit B.

4.Defendant Innocutis Holdings, LLC (Innocutis) is, on information and belief, a corporation duly organized and existing under the laws of the State of South Carolina and has a principal place of business

at171 Church Street, Charleston, South Carolina.  Innocutis is the seller of the FDA approved drug product called BIONECT gel.

5.     Defendant DARA Biosciences, Inc., (DARA) upon information and belief, is a corporation organized and existing under the laws of the State of North Carolina and has a principal place of business at 8601 Six Forks Road, Raleigh, North Carolina.  DARA is the seller of the FDA approved drug product called BIONECT gel.

## *Jurisdiction and Venue*

6.     This is a suit for infringement of United States Patent No. 6,387,407.

7.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1400(b) because this suit is brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

8.     Each Defendant, upon information and belief, does business in the United States and within the District of Columbia.

9.     Specifically, and without limiting the foregoing Innocutis and DARA each market and sell within the United States and within the

District of Columbia a product known as BIONECT gel which is manufactured for Innocutis.

10. Venue is proper in this District at least pursuant to 28 U.S.C. § 1391 (b,d).

11. BIONECT gel is identified by one or both of the Defendants as a clear colorless gel for the dressing and management of partial to full thickness dermal ulcers (pressure sores, venous stasis ulcers, arterial ulcers, diabetic ulcers), wounds including cuts, abrasions, donor sites, and post-operative incisions, irritations of the skin, and first and second degree burns.

12. Without limiting any other allegation in this Amended Complaint, the ingredients of BIONECT gel include the sodium salt of hyaluronic acid, carbomer 980 and purified water.

13. Hyaluronic acid falls within the definition of a mucopolysaccharide.

14. Hyaluronic acid (at least in solution) falls within the definition of a negatively charged polymer.

15. Carbomer 980 is a nonionic polymer.

16. The sodium salt of hyaluronic acid in the BIONECT gel product as offered for sale and sold by Defendants has a molecular weight from about 650,000 to about 800,000, a sulphated ash content below about 15%, a protein content below about 5% and a purity of at least 98%.

## COUNT I

## INDIRECT PATENT INFRINGEMENT AGAINST INNOCUTIS

## ACTIVE INDUCEMENT OF INFRINGEMENT

17. Plaintiff realleges paragraphs 1 – 16 as fully and completely as if set forth herein verbatim.

18. Within the six years immediately preceding the filing of this Complaint, Innocutis has indirectly infringed U.S. Patent No. 6,387,407 by actively inducing others to topically administer , within the United States, the BIONECT gel product falling within the claims of said patent without authority, license or permission from Plaintiff.

19. The users of the BIONECT gel product literally infringe each of claims 1 – 3 of U.S. Patent No. U.S. Patent No. 6,387,407.

20. The activities of Innocutis as set forth in this Count I are in violation of 35 U.S.C. § 271(b).

21. If and to the extent that the activities complained of in this Count I do not constitute literal infringement of one or more of claims 1-3 of U.S. Patent No. 6,387,407, by the users of the BIONECT gel product, then in that event the activities of the users of the BIONECT gel product complained of in this Count I constitute direct infringement of claims 1-3 of U.S. Patent No. U.S. Patent No. 6,387,407 under the doctrine of equivalents.

22. Discovery will indicate specific users of the BIONECT gel product, which, if any additional claims of U.S. Patent No. 6,387,407 are infringed by such users, and whether any other U.S. Patent owned by Plaintiff is infringed.

23. The infringement referred to in this Count I has been to the injury and detriment to Plaintiff in an amount to be determined at trial.

## COUNT II

## INDIRECT PATENT INFRINGEMENT AGAINST DARA
## ACTIVE INDUCEMENT OF INFRINGEMENT

24. Plaintiff realleges paragraphs 1 – 16 as fully and completely as if set forth herein verbatim.

25. Within the six years immediately preceding the filing of this Complaint, DARA has indirectly infringed U.S. Patent No. 6,387,407 by actively inducing others to topically administer, within the United States, the BIONECT gel product falling within the claims of said patent without authority, license or permission from Plaintiff.

26. The users of the BIONECT gel product literally infringe each of claims 1 – 3 of U.S. Patent No. U.S. Patent No. 6,387,407.

27. The activities of DARA as set forth in this Count II are in violation of 35 U.S.C. § 271(b).

28. If and to the extent that the activities complained of in this Count II do not constitute literal infringement of one or more of claims 1-3 of U.S. Patent No. 6,387,407, by the users of the BIONECT gel product, then in that event the activities of the users of the BIONECT gel product complained of in this Count II constitute direct infringement of claims 1-3 of U.S. Patent No. U.S. Patent No. 6,387,407 under the doctrine of equivalents.

29. Discovery will indicate specific users of the BIONECT gel product, which, if any additional claims of U.S. Patent No. 6,387,407 are infringed by such users, and whether any other U.S. Patent owned by Plaintiff is infringed.

30. The infringement referred to in this Count I has been to the injury and detriment to Plaintiff in an amount to be determined at trial.

## COUNT III

## INDIRECT PATENT INFRINGEMENT AGAINST INNOCUTIS CONTRIBUTORY INFRINGEMENT

31. Plaintiff realleges paragraphs 1 – 16 as fully and completely as if set forth herein verbatim.

32. Within the six years immediately preceding the filing of this Complaint, Innocutis has contributorily infringed U.S. Patent No. 6,387,407 by importing, offering to sell and or selling within the United States a material known as BIONECT gel for use in a patented process, the BIONECT gel constituting a material part of the invention, and knowing the same to be especially made and/or especially adapted for use in an infringement of the patent identified in this Count III, and not a staple

article of commerce suitable for substantial non-infringing use, the patented process being topically administering the BIONECT gel product falling within the claims of said patent without authority, license or permission from Plaintiff.

33. The activities of Innocutis as set forth in this Count III are in violation of 35 U.S.C. § 271(c).

34. If and to the extent that the activities complained of in this Count III do not constitute literal infringement of one or more of claims 1-3 of U.S. Patent No. 6,387,407, by the users of the BIONECT gel product, then in that event the activities of the users of the BIONECT gel product complained of in this Count III constitute direct infringement of claims 1-3 of U.S. Patent No. U.S. Patent No. 6,387,407 under the doctrine of equivalents.

35. Discovery will indicate specific users of the BIONECT gel product, which, if any additional claims of U.S. Patent No. 6,387,407 are infringed by such users, the absence of any non-infringing uses of the BIONECT gel, and whether any other U.S. Patent owned by Plaintiff is infringed.

36. The infringement referred to in this Count III has been to the injury and detriment to Plaintiff in an amount to be determined at trial.

## COUNT IV

## INDIRECT PATENT INFRINGEMENT AGAINST DARA

## CONTRIBUTORY INFRINGEMENT

37. Plaintiff realleges paragraphs 1 – 16 as fully and completely as if set forth herein verbatim.

38. Within the six years immediately preceding the filing of this Complaint, DARA has contributorily infringed U.S. Patent No. 6,387,407 by importing, offering to sell and or selling within the United States a material known as BIONECT gel for use in a patented process, the BIONECT gel constituting a material part of the invention, and knowing the same to be especially made and/or especially adapted for use in an infringement of the patent identified in this Count IV, and not a staple article of commerce suitable for substantial non-infringing use, the patented process being topically administering the BIONECT gel product

falling within the claims of said patent without authority, license or permission from Plaintiff.

39. The activities of DARA as set forth in this Count IV are in violation of 35 U.S.C. § 271(c).

40. If and to the extent that the activities complained of in this Count IV do not constitute literal infringement of one or more of claims 1-3 of U.S. Patent No. 6,387,407, by the users of the BIONECT gel product, then in that event the activities of the users of the BIONECT gel product complained of in this Count IV constitute direct infringement of claims 1-3 of U.S. Patent No. U.S. Patent No. 6,387,407 under the doctrine of equivalents.

41. Discovery will indicate specific users of the BIONECT gel product, which, if any additional claims of U.S. Patent No. 6,387,407 are infringed by such users, the absence of any non-infringing uses of the BIONECT gel, and whether any other U.S. Patent owned by Plaintiff is infringed.

42. The infringement referred to in this Count IV has been to the injury and detriment to Plaintiff in an amount to be determined at trial.

**WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

1. For judgment that claims 1 – 3 of U.S. Patent No. 6,387,407 remain valid;

2. For judgment that at least one of claims 1-3 of U.S. Patent No. 6,387,407 have been directly infringed by users of the BIONECT gel product either literally or under the doctrine of equivalents;

3. For judgment that Innocutis is liable for active inducement of infringement of at least one of claims 1-3 of U.S. Patent No. 6,387,407;

4. For judgment that DARA is liable for active inducement of infringement of at least one of claims 1-3 of U.S. Patent No. 6,387,407;

5. For judgment that Innocutis is liable for contributory infringement of at least one of claims 1-3 of U.S. Patent No. 6,387,407;

6. For judgment that DARA is liable for contributory infringement of at least one of claims 1-3 of U.S. Patent No. 6,387,407;

7. For an accounting and an award of damages to Plaintiff against Defendants, jointly and severally, in an amount to be determined at trial but in no event less than a reasonable royalty;

8. For an injunction against further infringement;

9. For an award of taxable costs Plaintiff against Defendants, jointly and severally; and

10. For such other and further relief as to the Court appears just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable.

August 25, 2014                    Respectfully submitted,


/s/ Jerold I. Schneider
Jerold I. Schneider
DC Bar No. 417686
Jerold.schneider@sriplaw.com
Schneider Rothman Intellectual
Property Law Group PLLC
4651 North Federal Highway

Boca Raton, FL 33431
Tel.  561-404-4350

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2014, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jerold I. Schneider
Jerold I. Schneider
DC Bar No. 417686

SERVICE LIST

Leonard R. Svensson
BIRCH, STEWART, KOLASCH
& BIRCH, LLP
12770 High Bluff Drive, Suite 260
San Diego, CA 92130
lrs@bskb.com
*Counsel for Innocutis Holdings, LLC and Dara Biosciences, Inc.*

Quentin Rick Corrie
BIRCH STEWARD KOLASCH
& BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, VA 22042-1252

Mailroom@bskb.com
*Counsel for Innocutis Holdings, LLC and*
*Dara Biosciences, Inc.*