# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GlycoBioSciences, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:12-cv-01901-RDM |
| | ) | |
| Innocutis Holdings, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### DEFENDANTS' MOTION TO RECONSIDER, FOR SANCTIONS AND IN OPPOSITION TO THE MOTION OF JOSEPH J. ZITO TO WITHDRAW AS COUNSEL FOR PLAINTIFF GLYCOBIOSCIENCES, INC.

Before the Defendants could file an Opposition to the Motion of Joseph J. Zito to Withdraw as Counsel for Plaintiff Glycobiosciences, Inc., the Court entered an Order granting that motion. As the Court is aware, the Plaintiff has now changed to its third set of attorneys in this matter. [ECF 103, 105, 110]. It has also, from the record evidence, changed its infringement contentions and arguments in an attempt to salvage its case. [ECF 72]. Furthermore, it has avoided its discovery obligations, which will again soon result in another scheduled telephone conference with the Court. [ECF 89; Minute Entry, 12/28/15; **Exhibit 1**].

In October the Defendants sought to take a 30(b)(6) witness of the Plaintiff. Mr. Kevin Drizen, president and primary stockholder, of the Plaintiff was identified as the person knowledgeable about the subjects identified in the deposition notice. In an effort to expedite the taking and reduce costs for all depositions defense counsel proposed that all depositions be held in its Virginia office or in Plaintiff Counsel's office in the District of Columbia, resulting in Mr. Drizen and perhaps one other witness coming to Virginia or DC and that a 30(b)(6) witness from each of the Defendants (Dara from New Jersey, Innocutis from Pennsylvania and Fidia from

Italy) would come to defense or Plaintiff counsel's office in Virginia or DC.  That proposal was rejected by the Plaintiff, who insisted defense counsel take the 30(b)(6) deposition of Plaintiff in Toronto, Canada.

Defense counsel took the deposition in Toronto on November 9, 2015.  At his deposition Mr. Drizen was asked about documents requested by Defendants before the deposition, but were not produced by Plaintiff.  These documents were again requested at Mr. Drizen's deposition to be produced.  Mr. Drizen promised to provide those documents, but has failed to do so despite repeated written requests to Mr. Zito.  In January 2016 Plaintiff's counsel agreed with defense counsel to make Mr. Sheldon Kales, a Canadian resident, available for deposition by the Defendants in Toronto.  Mr. Kales acted as a consultant and agent for the Plaintiff in, *inter alia*, matters material to Plaintiff's trade secret and other theories of recovery and was formerly a director of L.A.M., the company from which Plaintiff alleges it purchased its patent rights, including the '407 patent asserted in this case.  Mr. Kales still serves as a consultant to Mr. Drizen's company and in effect is under Glyco's control.

After Plaintiff's counsel confirmed the date for the deposition **(Exhibit 2)**, defense counsel made air, hotel, and court reporter arrangements on or about January 5, 2016.  On January 27, 2016, Defendants filed their Motion for Summary Judgment.  After review of that motion, on February 9, 2016, Plaintiff counsel's office notified defense counsel that there was going to be a change in counsel for Plaintiff and requested that the deposition scheduled for February 18, 2016, be rescheduled so that new counsel would have "more time to get integrated into the case" to a date "sometime in March as per both parties convenience and in keeping with the Scheduling Order."  **(Exhibit 3)**.  Defense counsel agreed to the rescheduling request provided that Plaintiff would pay for any airline cancellation fee and Plaintiff's counsel

responded it could do so up to $300.00.  **(Exhibit 4)**.  Defense counsel agreed to the potential

maximum charge and then requested new dates in March for the rescheduled deposition.

**(Exhibit 5)**.

New Plaintiff's counsel contacted defense counsel by telephone on March 10, 2016.  On

March 11, 2016, defense counsel sent an email (referencing that the HA documents had been

earlier sent that day) to Mr. Zito as well as Glyco's new counsel, triggering the two-week

deadline for Plaintiff to file its opposition, if any.  Defense counsel again requested available

March dates for Mr. Kales' deposition, sending a copy to Mr. Zito's office was well as to

Plaintiff's new counsel. **(Exhibit 6)**.

Having heard nothing for a week, defense counsel sent another email to Plaintiff's current

and new counsel again requesting dates in March for the Kales deposition as well as available

dates for a conference call with the Court to obtain all of the documents promised by Mr. Drizen

at his November deposition, but which were never provided.  **(Exhibit 1)**.  Later that afternoon

Mr. Zito sent a draft motion to withdraw as counsel, not responding to defense counsel's request

for a March deposition date.

Later, that day (March 18, 2016) defense counsel stated it would not consent to a

withdrawal of counsel essentially because neither old, nor new counsel (nor apparently the

Plaintiff) intended to honor the agreement to move the deposition from February to March.  Mr.

Kales follows the requests of Mr. Drizen.  On March 20, 2016, Plaintiff's counsel now stated

that:

> Moving the deposition to March was not at my request, that was at the request of
> Glyco and Mr. Kales.  The Akerman firm has had additional interaction with Mr.
> Kales and is the appropriate firm to coordinate with regarding his deposition.  My
> withdrawal will have no bearing on the scheduling of Mr. Kales deposition.  Mr.
> Kales has simply chosen not to be represented by our firm.  He has a right to
> counsel of his choosing.   Although I do not believe that Kales deposition

scheduling is a reason to withhold consent, we will file the Motion to Withdraw on Monday without noting any consent.

Defense counsel responded as follows:

This entire controversy can be resolved easily and quickly by Glyco's new counsel, who has been copied on all of these emails, weighing in on what dates are available this month for Mr. Kales' deposition in Toronto.  So I would ask that someone from Akerman  please respond.

Finally on March 21, 2016, Mr. Zito's office responded as follows:

As I informed you on Friday, Mr. Kales is not represented by Glyco's counsel. Although we had tried to work out a date for a deposition with Mr. Kales, as did the Akerman firm, we were unable to do so.   Mr. Kales is neither an employee nor officer of Glyco and thus Glyco cannot compel his deposition.

Although he originally expressed a desire for representation which Glyco was willing to provide, Mr.  Kales, has chosen not to be represented by Glyco's counsel and we are not aware of any other legal representative of Mr. Kales. Please feel free to contact Mr. Kales directly.

Plaintiffs should not be free to manipulate the legal system.  Defense counsel has now been prejudiced by the actions of Plaintiff and its counsel by its breach of the agreement to continue the deposition.  In effect defense counsel is being punished for cooperating with counsel to accommodate the Plaintiff.

In light of the conflicting reasons and excuses presented by Plaintiff's counsel and prejudicial effect by actions of the Plaintiff and its counsel Defendants request that the Court rule that the Plaintiff shall not be able to call Mr. Sheldon Kales as a witness in this matter, that Plaintiff pay for the airfare expenses incurred by defense counsel and for such other relief as the Court deem just and proper.

DATED:  March 21, 2016          BIRCH, STEWART, KOLASCH & BIRCH, LLP

/s/ Quentin R. Corrie
Quentin R. ("Rick") Corrie (DC Bar No. 224469)
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East Tower
Falls Church, Virginia 22042

T. 703.205.8000
F. 703.205.8050
Counsel for Innocutis Holdings, LLC,
DARA BioSciences, Inc., and Fidia Farmaceutici
Of Counsel:    Leonard R. Svensson

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2016, I electronically transmitted the foregoing to the

Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

Filing to the following CM/ECF registrants:

Joseph J. Zito
DNL Zito
1250 Connecticut Avenue, NW, Ste. 200
Washington, DC  20036
T. 202-466-3500
jzito@dnlzito.com

Jeffrey E. Gordon
Mark D. Passler
David Brafman
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401

/s/ Quentin R. Corrie
Quentin R. ("Rick") Corrie (DC Bar No. 224469)
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, Virginia 22042
T. 703.205.8000
F. 703.205.8050
qrc@bskb.com, mailroom@bskb.com