UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| GlycoBioSciences, Inc., )<br>   )<br>         Plaintiff,     )<br>   )<br>v.                                      )    Civil Action No.: 1:12-cv-01901-RDM<br>   )<br>Innocutis Holdings, LLC, *et al.,*    )<br>   )<br>         Defendants.  ) | |

**DEFENDANTS' SUPPLEMENT TO MOTION TO RECONSIDER, FOR SANCTIONS AND IN OPPOSITION TO THE MOTION OF JOSEPH J. ZITO TO WITHDRAW AS COUNSEL FOR PLAINTIFF GLYCOBIOSCIENCES, INC.**

Given the time constraint attendant to the filing of the Motion to Reconsider, For Sanctions and In Opposition to the Motion of Joseph J. Zito to Withdraw as Counsel for Plaintiff Glycobiosciences, Inc., Defendant files this supplement to clarify further the role of Mr. Kales in this matter.

Mr. Sheldon Kales has been identified by Plaintiff in its Initial Disclosures concerning Plaintiff's acquisitions of assets from L.A.M. Pharmaceutical and for reinstatement of the '407 patent.  **Exhibit 1**.  At his deposition, Kevin Drizen, Plaintiff's 30(b)(6) witness, identified Mr. Kales as the sole person knowledgeable about documents provided as trade secrets to Fidia allegedly used by Fidia in violation of the 2006 Confidential Disclosure Agreements.  Drizen Dep. p. 65, ll. 2-25; 66, ll. 1-11.

In an Affidavit signed by Mr. Kales in support of Petition to Accept Unavoidably Delayed Payment of Maintenance Fee in an Expired Patent Under 37 CFR 1.378(b), it states, in relevant part:

2. I have read the petition filed in this application and the affidavits executed by Kevin Drizen and exhibits associated with those affidavits. I recognize these exhibits as accurate records of communications of LAM Pharmaceuticals Corp. (hereinafter "LAM").

3. I served as a Consultant to LAM beginning in 1998. I served as the sole Director of LAM beginning 21 August 2006 in response to the illness and death of Mr. Slechta, who had previously served as President of the Company. I served as Director, President and Chief Executive Officer from 21 August 2006 until August 2008 when the assets of LAM were purchased by GlycoBioSciences, Inc.

7. At the time of my appointment as sole Director, LAM was experiencing difficulties due to the departure on 24 March 2006 on indefinite, long term medical leave (and subsequent death) of Mr. Slechta. This led to the temporary appointment of Mr. Jacque Leblanc (effective 16 March 2006) as an interim President, Chief Executive Officer and Chief Financial Officer until my appointment on 21 August 2006 in the aforementioned roles. Both Mr. Leblanc and I had to suddenly take over numerous responsibilities within the company at what was a very difficult time. I shouldered most of this responsibility.

25. After the Asset Purchase by GlycoBioSciences, I retained a role advising Mr. Drizen's son, Kevin, as to the pharmaceutical business, as his professional background as a financial planner did not adequately prepare him for his current role when he first took responsibility for the company….

See **Exhibit 2**.

Mr. Sheldon Kales has had and still has an active relationship with Glycobiosciences, being identified in one email to Fidia of January 15, 2015, as its "business partner" (**Exhibit 3**) and (as identified in our initial filing) as a consultant having a current agreement with Plaintiff to provide services. (Drizen Dep. p. 81, ll. 3-6).

In a case similar to this the Court under 30(b)(6) compelled the attendance of a witness, who was no longer in the employ of the Plaintiff corporation. Under those circumstances the Court found that the witness "is subject to the control of the plaintiff corporation and has an identity of interest with the plaintiff to the degree that compelling his attendance…would fall within the principle of the Rules." *Martin Engr. Co. v. Vibrations, Inc., et al.*, 20 Fed. R. Serv. 2d 486 (E.D. Ark. 1975). Here, (1) if the Court compels the Plaintiff to produce Mr. Kales and he fails to appear at his deposition, or (2) if the Court does not compel his appearance and Plaintiff fails to make him available for a deposition within 30 days of this Court's Order, then Plaintiff shall not be allowed to call Mr. Kales as a witness in this matter.

DATED:  April 1, 2016            BIRCH, STEWART, KOLASCH & BIRCH, LLP

/s/ Quentin R. Corrie
Quentin R. ("Rick") Corrie (DC Bar No. 224469)
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Suite 100 East Tower
Falls Church, Virginia 22042
T. 703.205.8000
F. 703.205.8050
Counsel for Innocutis Holdings, LLC,
DARA BioSciences, Inc., and Fidia Farmaceutici
Of Counsel:   Leonard R. Svensson

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2016, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Joseph J. Zito
>DNL Zito
>1250 Connecticut Avenue, NW, Ste. 200
>Washington, DC  20036
>T. 202-466-3500
>jzito@dnlzito.com
>
>Jeffrey E. Gordon
>Mark D. Passler
>David Brafman
>AKERMAN LLP
>777 South Flagler Drive
>Suite 1100, West Tower
>West Palm Beach, FL 33401

>/s/ Quentin R. Corrie
>Quentin R. ("Rick") Corrie (DC Bar No. 224469)
>Birch, Stewart, Kolasch & Birch, LLP
>8110 Gatehouse Road
>Suite 100 East
>Falls Church, Virginia 22042
>T. 703.205.8000
>F. 703.205.8050
>qrc@bskb.com, mailroom@bskb.com